I concur with the majority opinion in its entirety. In addition, the conduct of the county prosecutor is equally as troubling as the former sheriff's. It would appear from the record before us that, if the allegations raised in the appellant's post-conviction petition are even just partially true, the prosecutor's office was, at best, less than forthcoming with this alleged impeachment evidence it was obligated to produce.
Subsequent to oral argument the prosecutor's office filed a supplemental brief with this court, in which he admitted failing to disclose that both he and the former sheriff, in a coordinated effort to obtain Springer's testimony, agreed to pay attorney fees he incurred as well as relocation costs. Contrary to the prosecutor's arguments therein, appellant's petition has set forth potentially substantive grounds for relief, thereby warranting an evidentiary hearing.
The arguments raised by the prosecutor are at best disingenuous. Notably, the prosecutor's office contends:
 A. In fact, the only promises made with regard to relocation expenses made to Springer by the State prior to trial were that if, after the conclusion of the trial, Springer continued to be in extreme fear of the petitioner-appellant, or retaliation by his friends or associates, the State would help with Springer's reasonable relocation expenses. (Emphasis added.)
As set forth in the majority opinion, this was the specific type of promise requested by counsel for appellant during pre-trial discovery. Further, this is also contra to the specific representations made by the prosecutor during pre-trial proceedings acknowledging his office's continuing obligation to produce exculpatory information, as noted in the majority opinion.
This matter is being returned to the trial court for an evidentiary hearing as required by the post-conviction statutes. As defense counsel conceded at oral argument, there is certainly no guarantee appellant will prevail at an evidentiary hearing. Nonetheless, it is clear from the record the trial court should have held a full evidentiary hearing rather than summarily dismiss the petition. Despite the grizzly nature of the crime involved, there can be no room for either the prosecutor or the former sheriff to deny and withhold known information.